**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-CV-81191-ROSENBERG/REINHART

| | |
|---|---|
| MICHAEL LEWITTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> TERRAN ORBITAL CORPORATION, MARC H. BELL, MATHIEU RIFFEL, GARY A. HOBART, and STRATTON SCLAVOS, <br><br> Defendants. | CLASS ACTION |

**MOVANT AARON ROMIG'S MEMORANDUM OF LAW IN OPPOSITION TO MOVANT THE TERRAN INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   THE TERRAN INVESTOR GROUP DOES NOT CONSTITUTE AN
      APPROPRIATE MOVANT GROUP TO SERVE AS LEAD PLAINTIFF.......................2

III.  CONCLUSION......................................................................................................7

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Carvelli v. Ocwen Fin. Corp.*,
  No. 17-cv-80500-RLR, 2017 WL 11068524 (S.D. Fla. July 14, 2017) ............................. 1, 2, 6

*Carvelli v. Ocwen Fin. Corp. (Carvelli II)*,
  No. 17-cv-80500-RLR, 2017 WL 3473482 (S.D. Fla. Aug. 14, 2017) .............................. 2, 3, 6

*Eastwood Enterprises v. Farha*,
  No. 07-cv-1940, 2008 WL 687351 (M.D. Fla. Mar. 11, 2008) .................................................. 6

*Eichenholtz v. Verifone Holdings, Inc.*,
  2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ......................................................................... 5

*In re Doral Fin. Corp. Sec. Litig.*,
  414 F. Supp. 2d 398 (S.D.N.Y. 2006) ................................................................................. 1, 7

*In re Pfizer Inc. Sec. Litig.*,
  233 F.R.D. 334 (S.D.N.Y. 2005) ........................................................................................... 7

*In re Razorfish, Inc. Sec. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001)................................................................................. 1, 2

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y.  2015)......................................................................... 2, 5, 6, 7

*Newman v. Eagle Bldg. Techs.*,
  209 F.R.D. 499 (S.D. Fla. 2002)............................................................................................ 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................... 3

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 23........................................................................................................................ 2

Movant Aaron Romig respectfully submits this Memorandum of Law in opposition to the competing motions for appointment as Lead Plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and for approval of his selection of counsel for Lead Plaintiff and the proposed class.

## I.      INTRODUCTION

Congress passed the PSLRA to rein in abuses it saw in "lawyer driven litigation," *i.e.*, litigation where the plaintiff served as a mere figurehead for the lawyers actually controlling all the decisions.  *Carvelli v. Ocwen Fin. Corp.*, No. 17-cv-80500-RLR, 2017 WL 11068524, at *5 (S.D. Fla. July 14, 2017) (internal quotation marks and citation omitted); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006)).  One step Congress took was to install a statutory lead plaintiff process.  Pursuant to this process, the Court should select the movant with the "largest financial interest" in the litigation, because Congress believed that this movant would be most motivated to actively oversee the litigation.  *In re Razorfish*, 143 F. Supp. 2d at 307.

On November 26, 2024, motions for appointment as Lead Plaintiff were filed by: (i) Steven Verzwyvelt, Jesse Ramirez, Michael O'Neill, and Jill O'Neill (collectively, the "Terran Investor Group"); (ii) Aaron Romig; (iii) Charles Snipes; and (iv) Edward Pedraza.[1]  Of these movants, only the Terran Investor Group claims to have a larger loss than Mr. Romig.  The Terran Investor Group, however, consists of investors who are "'simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff'. . . .'"  *Carvelli*, 2017 WL 11068524, at *5  (quoting *In re Razorfish*, 143 F. Supp. 2d at

---

[1] Movants Charles Snipe and Edward Pedraza have since filed motions to withdraw their applications seeking Lead Plaintiff, leaving only the Terran Investor Group and Mr. Romig's motions.

308). The use of such artificial groups is an obvious end-run around the intent and spirit of the PSLRA's prohibition on lawyer-driven litigation. Accordingly, numerous courts throughout the country have held that such lawyer-driven amalgamations are inappropriate lead plaintiff movants. *See id*. at *5-6. Mr. Romig respectfully requests this Court find the same here.

Mr. Romig, on the other hand, is a proper lead plaintiff movant. Mr. Romig traded individually on behalf of himself and suffered the largest individual loss.

## II. THE TERRAN INVESTOR GROUP DOES NOT CONSTITUTE AN APPROPRIATE MOVANT GROUP TO SERVE AS LEAD PLAINTIFF

The Terran Investor Group is not a proper group, and thus, the Court should not aggregate its members' losses. To identify the presumptively most adequate movant, the court compares the financial stakes of the various movants and determines which one has the largest financial interest in the relief sought by the class. *See Carvelli*, 2017 WL 11068524, at *4. If the movant does not satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure ("Rule 23"), the court should move to the movant with the next-largest financial stake, until it finds one that is both willing to serve and satisfies the requirements of Rule 23. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 534-40 (S.D.N.Y. 2015).

Courts have declined to apply the most adequate movant presumption to a group when its members "'appear[ed] to be complete strangers brought together by their proposed counsel in an effort to maximize their combined losses.'" *Carvelli v. Ocwen Fin. Corp.*, No. 17-cv-80500-RLR, 2017 WL 3473482, at *2 (S.D. Fla. Aug. 14, 2017) ("*Carvelli II*") (quoting *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759, 2016 WL 462479, at *2 (S.D.N.Y. Feb. 1, 2016)). While the PSLRA contemplates groups moving for lead, this court has shown skepticism where evidence exists "demonstrating the attorney-driven nature of the aggregation." *Carvelli II*, 2017 WL 3473482, at *3. This court has referenced the five factors established in *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008), to determine whether

'"members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers."' *Carvelli II*, 2017 WL 3473482, at *3 (quoting *Varghese*, 589 F. Supp. 2d at 392). In particular, the court in *Varghese* identified the following five factors:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

589 F. Supp. 2d at 392.

Here, applying the factors set forth in *Carvelli* and *Varghese* demonstrates that the Terran Investor Group is not a proper Lead Plaintiff movant. With the exception of Michael and Jill O'Neill, the record shows that the members of the Terran Investor Group did not have pre-litigation relationships. Michael and Jill O'Neill reside in Virginia, while Jesse Ramirez and Steven Verzwyvelt live in Illinois and Texas, respectively. *See* Joint Declaration in Support of Lead Plaintiff Motion, ¶¶ 3-5 (ECF No. 10-6). Also, the only conference call between the members mentioned in the Joint Declaration occurred on November 21, 2024, just several days before the filing of the Lead Plaintiff motions. There is nothing in the Joint Declaration indicating there was any prior communication between the members. Further, the Joint Declaration provides no details on how the members came to know each other. These facts support both the notion that the group is nothing more than an amalgamation driven by its lawyers and that the members' involvement is *de minimis*. *Id.* ¶ 6. Thus, the first and second *Varghese* factors weigh against the Terran Investor Group.

Concerning the third factor, the Joint Declaration contains nothing beyond conclusory statements on how the members of the Terran Investor Group intend to work together. *Id.* ¶ 9. There is nothing in the Joint Declaration detailing how the group decided to collaborate. It also

- 3 -

fails to specify who made the decisions regarding the arrangements or who determined that adding additional movants was necessary.

With respect to the fourth factor, the Joint Declaration asserts that Michael and Jill O'Neill's backgrounds are sufficient to suggest that they are sophisticated investors. *Id.* ¶ 3. In contrast, Steven Verzwyvelt and Jesse Ramirez do not have business or accounting backgrounds and have traded in the securities market for just two and five years, respectively. *Id.* ¶¶ 4-5. The Joint Declaration provides no clear reason why the members of the group believe that a joint appointment is appropriate and will benefit the proposed Class.

As for the final factor, in addition to its proposed lead counsel, Pomerantz LLP ("Pomerantz") and Florida counsel, Miller Shah LLP, the Terran Investor Group is also being represented by Wohl & Fruchter LLP ("Wohl & Fruchter") as additional counsel. *Id.* ¶ 15. The Terran Investor Group's Joint Declaration states Wohl & Fruchter will "perform discrete senior-level tasks at the direction and under the supervision of Pomerantz if Pomerantz is appointed Lead Counsel." *Id.* However, the Joint Declaration provides no details regarding why the group felt it was necessary to have additional counsel or why their proposed lead counsel could not conduct these tasks on its own. Notably, the Joint Declaration does not explain whether the various members of the Terran Investor Group first spoke with Wohl & Fruchter or Pomerantz. In fact, the Joint Declaration does not state which member, if any, initially decided to form a group. The Joint Declaration leaves it unclear whether it was the members themselves that decided to form the Terran Investor Group or their various law firms, failing the fifth *Varghese* factor. Thus, all five of the *Varghese* factors weigh against the Terran Investor Group being an appropriate group.

The Terran Investor Group will undoubtedly point to the Joint Declaration as evidence that it is a proper group. The Joint Declaration, however, as discussed above, suggests that counsel brought the members of the group together, and the group's conclusory statements and assurances

- 4 -

about their members' ability to work together fail to meet the evidentiary showing required of a lead plaintiff group under the PSLRA.  In *Eichenholtz v. Verifone Holdings, Inc.*, the movant's declaration provided only conclusory statements about the members' intention to work together, failing to provide any details on preexisting relationships or how the members planned to work together throughout the litigation process.  No. 07-cv-6140, 2008 WL 3925289, at *9 (N.D. Cal. Aug. 22, 2008).  Regarding the deficiencies in the group's declaration, the court noted that "the declaration does not state any preexisting relationships nor does it clarify how the group will tackle the massive coordination and strategic issues that are certain to arise in this litigation."  *Id*.  The court found that the group failed to demonstrate how the group members were planning to work together and reasoned that the only rationale for the grouping was to "manufacture the greatest financial interest in order to be appointed lead plaintiff."  *Id*.

Similarly, in *Khunt*, the court held the proposed lead plaintiffs were an improper group despite submitting a joint declaration stating that the members discussed "'protocols for managing the litigation'" and "'have implemented communication procedures.'"  102 F. Supp. 3d at 533 (quoting *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191-92 (S.D.N.Y. 2011)).  The court found the group's statements to be nothing more than "'conclusory assurances'" that fail to demonstrate the group's ability to effectively manage the litigation.  *Id*.  In concluding that the group members' losses would not be aggregated, the court described the group as "'a lawyer-created group of unrelated investors who were cobbled together "in the hope of thereby becoming the biggest loser for PSLRA purposes," a tactic of which this Court has expressed disapproval repeatedly.'"  *Id*. at 534 (quoting *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 190 (S.D.N.Y. 2006)).

As mentioned above, the Terran Investor Group's Joint Declaration also fails to explain the group's need for additional representation by Wohl & Fruchter.  In *Carvelli*, the group sought

representation by multiple counsel, and the court noted that the additional representation "suggests that this is not a cohesive group." 2017 WL 11068524, at *6. Courts have found that "'[t]he sheer number of attorneys seeking to represent the [proposed lead plaintiff] suggests that counsel, rather than the [lead plaintiff], would control this litigation, in contravention of the PSLRA's intent.'" *Id*. (quoting *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002)).

The Terran Investor Group cites *Eastwood Enterprises v. Farha*, No. 07-cv-1940, 2008 WL 687351, at *2, *4 (M.D. Fla. Mar. 11, 2008) to highlight that courts in the Eleventh Circuit have allowed aggregation of a group's losses.[2] *See* Motion of Movant the Terran Investor Group for Appointment as Lead Plaintiff and Approval of Selection of Counsel; Memorandum of Law in Support, at 11 (ECF No. 10). However, in *Eastwood*, the five members of the group in question were institutional investors. The court noted that the "'goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class. . . .'" *Id*. at *2 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001)). The group's joint declaration also detailed the members' history together and their desire to work together. *Id*. at *3. Further, the members of the group also shared overlapping management and representation. *Id*. The court found that the group was not lawyer-driven, noting that it would "'more effectively withstand any supposed effort by the class counsel to seize control of the class claims.'" *Id*. (quoting *D'Hondt v. Digi Int'l, Inc.*, No. 97-cv-5, 1997 WL 405668, at *3 (D. Minn. Apr. 3, 1997)).

---

[2] Mr. Romig acknowledges that some courts have allowed the aggregation of losses among unrelated investors. *See, e.g.*, *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002). However, Mr. Romig respectfully submits that the prohibition on aggregating losses of unrelated and unconnected investors is more consistent with the PSLRA's intent to halt lawyer-driven litigation.

In short, although the Terran Investor Group claims to have suffered a larger loss than Mr. Romig, it does not constitute an appropriate movant group.  Indeed, the appointment of the Terran Investor Group as Lead Plaintiff "'would allow and encourage lawyers to direct the litigation.'" *Khunt*, 102 F. Supp. 3d at 534 (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997)); *In re Doral*, 414 F. Supp. 2d at 401 ("Nothing before this Court indicates that these random cumulations of plaintiffs are anything more than an effort to achieve the highest possible 'financial interest' figure to be chosen. . . . I reject this approach as essentially inconsistent with the intention of the PSLRA."); *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (same).  Thus, the Court should deny the Terran Investor Group's motion in its entirety.

## III.   CONCLUSION

Mr. Romig respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Robbins LLP as Lead Counsel and Saxena White P.A. as Liaison Counsel for Lead Plaintiff and the proposed class, and grant such other relief as the Court may deem just and proper.

Dated:  December 10, 2024

Respectfully submitted,

*/s/ Lester R. Hooker*
Lester R. Hooker

**SAXENA WHITE P.A.**
Lester R. Hooker (FL Bar No. 32242)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
E-mail: lhooker@saxenawhite.com

-and-

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
E-mail: mduenas@saxenawhite.com

- 7 -

*Counsel for Proposed Lead Plaintiff*
*Aaron Romig and Proposed*
*Liaison Counsel for the Class*

**ROBBINS LLP**
Brian J. Robbins (*pro hac vice* forthcoming)
Gregory E. Del Gaizo (*pro hac vice* forthcoming)
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
        gdelgaizo@robbinsllp.com

*Counsel for Proposed Lead Plaintiff*
*Aaron Romig and Proposed*
*Lead Counsel for the Class*

- 8 -

- 9 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed December 10, 2024.

/s/ *Lester R. Hooker*
Lester R. Hooker
