# EXHIBIT 1

# WOHL & FRUCHTER LLP

## RECENT REPRESENTATIVE MATTERS

- Appointed co-lead counsel in a securities fraud class action asserting insider trading claims in the Southern District of New York, *David E. Kaplan, et al. v. S.A.C. Capital Advisors, L.P., et al.,* Case No. 12-cv-9350-VM; case settled for **$135 million**.

- Served as co-lead counsel in a derivative action on behalf of the public shareholders of New Senior Investment Group challenging a self-dealing transaction, *Cumming v. Edens et al.*, C.A. No. 13007-VCS, in the Delaware Court of Chancery; case settled for **$53 million** (the largest recovery in Delaware history as a percentage of market cap), and corporate governance reforms.

- Appointed co-lead counsel in a class action on behalf of policyholders of Harleysville Mutual Insurance Company in the Philadelphia Court of Common Pleas, *In re Harleysville Mutual*, Case No. 02137, Nov. Term, 2011; case settled for **$26 million**.

- Appointed co-lead counsel in securities fraud class action in the Southern District of Florida, *Vargas v. Citrix Systems, Inc. et al.*, Case No. 22-cv-62367-RAR; case settled for **$17.5 million**.

- Appointed co-lead counsel for a class of present and former employees of Zynga Inc. challenging the discriminatory waiver of lockup agreements class members entered into in connection with Zynga's December 15, 2011 initial public offering in the Delaware Court of Chancery, *Wendy Lee, et al. v. Mark Pincus, et al.* C.A. No. 8458-CB; case settled for **$10 million**.

- Appointed co-lead counsel in a class action on behalf of minority public shareholders of NTS Realty Holdings, L.P., Case No. 13-CI-00452, in the Jefferson County Circuit Court of the Commonwealth of Kentucky; case settled for a cash payment of $9.25 per unit, which represented a 23% increase over the $7.50 per unit consideration approved by the Special Committee of the NTS board of directors under the merger agreement announced in December 2012. Total value of increase was **$7.4 million**.

- Appointed co-lead counsel in a securities fraud class action in the Southern District of New York, *In re Gerova Fin. Group Ltd. Sec. Litig.*, Case No. 11-md-2275; case settled for **$1.37 million**.

- Appointed class counsel in a securities fraud class action in the District of Delaware, *In re China Natural Gas, Inc.*, C.A. No. 15-00299-RGA; case settled for **$1.15 million**.

- Appointed co-lead counsel for class in securities class action in the Southern District of New York, *Zappia v. Myovant Sciences, Ltd.*, Case No. 23-cv-8097-JSR; appeal pending before Second Circuit.

- Appointed co-lead counsel for class in securities class action in the Eastern District of Virginia, *In re Indivior PLC Securities Litig.*, Case No. 3:24-cv-554-HEH; at motion to dismiss stage.

WOHL & FRUCHTER LLP

## RECENT REPRESENTATIVE MATTERS

We have also served, or are presently serving, as additional plaintiff's counsel in the following cases:

- *Gregg Kiken v. Lumber Liquidators Holdings, Inc., et al.,* Case No. 13-cv-00157, in the Eastern District of Virginia; case settled for $26 million, plus 1 million shares, for a total consideration of approximately **$44 million**.

- *Keith Thomas, et al. v. MagnaChip Semiconductor Corp., et al.,* Case No. 14-cv-1160, in the Northern District of California; two settlements totaling **$29.7 million**.

- *Ivan Nibur, et al. v. Sandridge Mississippian Trust I et al.,* Case No. 15-cv-0634-G, in the Western District of Oklahoma; settlement against certain defendants for **$13.9 million** approved.

- *In re Parametric Sound Corporation Shareholders' Litigation,* Lead Case No. A-13-686890-B, in the Eighth Judicial District Court, Clark County, Nevada; case settled for **$9.65 million**.

- *Scott Bruce v. Suntech Power Holdings Co. Ltd, et al.,* Case No. 12-cv-04061, in the Northern District of California; case settled for **$5 million**.

- *Charles J. Fitzpatrick v. Uni-Pixel, Inc. et al.,* Case No. 13-cv-01649, in the Southern District of Texas; case settled for **$4.5 million**.

- *In re Atossa Genetics, Inc. Securities Litigation,* Case No. 13-cv-01836, in the Western District of Washington; case settled for **$3.5 million**.

WOHL & FRUCHTER LLP

**R E C E N T   R E P R E S E N T A T I V E   M A T T E R S**

- *In re LinkedIn Advertising Metrics Litigation*, Case No. 20-cv-08324-SVK, in the Northern District of California; settlement of **$6.625 million** pending final approval.

- *Callen v. Resonant, Inc. et al.*, Case No. 22-cv-03403-FLA-AS, in the Central District of California; at motion to dismiss stage.

- *In re Rite Aid Securities Litigation*, Case No. 22-cv-04201-KBH, in the Eastern District of Pennsylvania; at motion to dismiss stage.

- *In re: DLocal Securities Litigation*, Index No. 151778/2023, in the Supreme Court of the State of New York; at motion to dismiss stage.

- *Amethyst Arbitrage International Master Fund et al. v. Mikkel Svane et al.*, C.A. No. 2023-1139, in the Delaware Court of Chancery; at motion to dismiss stage.

- *Armstrong v. Medical Properties Trust, Inc. et al.*, Case No. 23-cv-8597-VSB, in the Southern District of New York; at motion to dismiss stage.

- *Plymouth County Retirement Associations et al. v. Restaurant Brands International, Inc.*, C.A. No. 2024-1030-JTL, in the Delaware Court of Chancery, at motion to dismiss stage.

**WOHL & FRUCHTER** LLP





*The totals exceed 113 as settlements can have multiple allegations.



# WOHL & FRUCHTER LLP

## PEOPLE

### JOSHUA E. FRUCHTER

direct 845 290 6818

fax 718 504 3773

jfruchter@wohlfruchter.com

#### EDUCATION

J.D., *cum laude,* New York University School of Law, 1993

B.A., *summa cum laude*, Yeshiva University, 1990

#### ADMISSIONS

State of New York

U.S. Court of Appeals, 2d Cir.

U.S. Court of Appeals, 4th Cir.

U.S. District Court, S.D.N.Y.

Josh has been practicing commercial litigation for nearly 30 years. He presently focuses on representing investors on the plaintiff's side in securities fraud, derivative and M&A litigation, and consumers and small businesses in class actions.

Josh graduated *cum laude* from New York University School of Law, and received his B.A. in English Literature, *summa cum laude*, from Yeshiva University. He is also an ordained rabbi.

Josh began his legal career with Kaye Scholer LLP (now Arnold & Porter Kaye Scholer LLP) in New York, where he was a member of the bankruptcy department and handled a broad array of matters in federal bankruptcy and New York state courts, including fraudulent transfer and preference actions, confirmation of Chapter 11 plans of reorganization, "clawback" litigation in connection with Ponzi schemes, administration of mass tort claims, and representation of indentured trustees in state court litigation alleging breach of fiduciary duties.

Josh has concentrated his practice in the fields of investor class action litigation, and has represented and advised individual investors on claims involving a wide range of matters, including securities fraud, mergers and acquisitions, and breaches of fiduciary duty.

Josh has authored articles analyzing sections of the Bankruptcy Code: *Bankruptcy Code Section 502(d): Back Door to Avoidance*, 28 UCC L.J. 73 (1995) (with Arthur Steinberg), and *To Bind or Not to Bind – Bankruptcy Code § 365(d)(3): Statutory Minefield*, 68 Am. Bankr. L.J. 437 (1994) (cited in *In re Montgomery Ward Holding Corp.*, 268 F.3d 205 (3d Cir. 2001), and other cases).

He has also published a 2-volume work on the Talmud consisting of essays exploring the ethical and moral principles underlying Jewish law.

v.2

# WOHL & FRUCHTER LLP

## PEOPLE

## ETHAN D. WOHL

direct 212 758 4097

fax 212 758 4004

ewohl@wohlfruchter.com

### EDUCATION

J.D., *magna cum laude,* New York University School of Law, 1993

B.A., with honors, University of Chicago, 1989

### ADMISSIONS

States of Florida, New Jersey and New York

U.S. Courts of Appeal, 2d Cir. and 4th Cir.

U.S. District Courts, D.N.J, E.D.N.Y., S.D. Fla. and S.D.N.Y.

Ethan has been practicing commercial litigation for nearly 30 years. He focuses on representing investors and consumers in cases involving securities fraud, breaches of fiduciary duty, complex commercial disputes, and consumer class actions.

Ethan graduated *magna cum laude* from New York University School of Law, where he was a member of the Order of the Coif, and received his B.A. in political science, with honors, from the University of Chicago.

Ethan began his legal career as law clerk to the Honorable Denis R. Hurley, United States District Judge in the Eastern District of New York, and was then associated with Wachtell, Lipton, Rosen & Katz, where he handled both transactional and litigation matters. He later joined Labaton Sucharow LLP, where he focused on the representation of plaintiffs in shareholder litigation.

Ethan has concentrated his practice in the fields of investor class action litigation, and has represented and advised institutional clients and individuals on claims involving a wide range of matters, including securities fraud, stock options backdating, market manipulation, mergers and acquisitions, and self-dealing transactions by corporate executives. In the past, he has led trial teams in the Delaware Court of Chancery and New York Supreme Court in commercial and shareholder disputes.

Ethan has authored articles on a range of topics relevant to investor and class action litigation. Recent publications include: *Death of the Worldwide Class?* in BNA's Securities Regulation & Law Report; *The Bulwark of Private Enforcement*, in Pensions Age magazine; *Executive Compensation – Despite Reforms, Pay Is Less Transparent and Shareholder-Friendly Than in the Past*, in the New York Law Journal; *When Does a Company Intend to Lie?,* in Andrews Securities Litigation & Regulation Reporter, and *Confidential Informants in Private Litigation: Balancing Interests in Anonymity and Disclosure*, in the Fordham Journal of Corporate & Financial Law (12 Fordham J. Corp. & Fin. Law 551 (2007)).

# WOHL & FRUCHTER LLP

## PRACTICE AREAS

**COMPLEX COMMERCIAL LITIGATION**

We actively prosecute complex multi-jurisdiction litigation involving many parties, large volumes of documents and witnesses, extensive motion practice on dispositive issues, expedited proceedings for preliminary injunction or early trial, and outcome-determinative technical or scientific expert analysis.

Complex litigation presents special challenges for plaintiffs, who bear the risks associated with delay and case management problems. We emphasize early factual and legal analysis, including overall case strategy, choice of legal claims, selection of defendants, and choice of jurisdiction and venue. We also give priority to litigation management and the efficient collection, integration and presentation of facts and legal issues through effective project management and use of information and presentation technology.

**MERGER & ACQUISITION LITIGATION**

We litigate claims based on inadequate price, process defects, and other breaches of fiduciary duty arising from merger and acquisition transactions. We intensively prosecute preliminary injunction motions where fiduciary breaches cannot be adequately compensated by damages, and actively pursue post-closing damages claims, through trial where necessary.

We concentrate our M&A practice on cases where members of management face conflicts of interest that prevent them from acting in the best interests of shareholders. Conflicts of interest arise in a variety of circumstances, including the following:

**Minority Squeeze-Outs**. When a controlling shareholder seeks to acquire the shares held by the public, the controlling shareholder's broad control over the company and its board of directors is recognized to present the inherent risk that shareholders will accept inadequate terms, based on the fear that the controlling shareholder might force a sale on worse terms or chose to operate the company to serve its own interests. Similar issues are presented by transactions in which controlling shareholders structure sales to provide themselves with benefits different from those received by the minority.

**Management and Private Equity-Led Buy-Outs**. Management's interests often also conflict with public shareholders' interests when they or an affiliated private equity firm conduct a buy-out. In such circumstances, the financial benefits obtained through accelerated payment of equity grants, other change-in-control payments, and the prospect of employment by the acquirer on better terms all provide strong incentives to accept less than full price.

25 ROBERT PITT DRIVE | SUITE 209G | MONSEY, NY 10952 | T 845 290 6818 | F 718 504 3773 | www.wohlfruchter.com

## P R A C T I C E   A R E A S

**Management Entrenchment**. Corporate managers' interest in retaining their positions and status can also lead them to resist acquisition offers that would be in the best interests of public shareholders. In such situations, the board's use of antitakeover devices, such as a "poison pill," must be closely scrutinized.

### SHAREHOLDER DERIVATIVE ACTIONS

We represent shareholders in derivative actions that seek to hold corporate fiduciaries responsible for many kinds of misconduct, including excessive executive compensation, self-dealing transactions, and failures of oversight leading to major violations of environmental, health and safety, anti-bribery and securities laws.

Derivative actions are subject to a unique procedural hurdle, the "demand requirement," which obligates a plaintiff to show that corporate directors are incapable or unwilling to pursue the wrongdoing, and subjects the case to an unusually high level of scrutiny at its outset. Consistent with our commitment to early investment, we utilize "books and records" demands, consulting experts, and independent investigation to develop the strongest complaint possible prior to initial filing.

### SECURITIES FRAUD

We represent investors injured by securities frauds ranging from misrepresentations and omissions by corporate managers, to false descriptions of investment products by financial advisors and stock market manipulation. We litigate cases on both a class and individual basis.

The high hurdles for adequately pleading securities fraud make our emphasis on early investment and investigation crucial, and the scale of the litigation and number of parties in many cases also place a premium on efficient case management, a focus of our approach to litigation.

### BOOKS AND RECORDS LITIGATION

We litigate demands to inspect internal corporate documents – one of the most powerful tools for enforcing corporate accountability and exposing misconduct by insiders. "Books and records" demands are an essential precursor to shareholder derivative actions, and can also play an important role in efforts to achieve governance reform outside of litigation by prompting voluntary remedial measures, deterring future misconduct, and galvanizing collective shareholder action.

The foundation of effective books and records litigation is a carefully drafted demand letter – a statutory prerequisite to litigation – that seeks a narrowly-drawn, targeted document set (in contrast to the typical expansive discovery requests used in general litigation). The demand letter must also articulate one or more "proper purposes" for the demand, and must ordinarily provide sufficient detail to support the finding of a credible basis for mismanagement, waste or wrongdoing. Our emphasis on pre-

**WOHL** & **FRUCHTER** LLP

**P R A C T I C E   A R E A S**

filing analysis is particularly important for books and records actions because there is ordinarily no ability to amend the grounds for demand after filing, and the delay associated with a new demand often limits the utility of any production ultimately ordered.

**CONSUMER AND SMALL BUSINESS CLASS ACTIONS**

We represent classes of consumers and small businesses injured by deceptive or other wrongful corporate misconduct, including false advertising, imposition of undisclosed or unfair fees, violations of contract rights, the sale of unsafe or defective products, and infringement on rights to privacy.

Successfully litigating consumer and small business class claims depends on a clear understanding of how the policy or practice at issue affects consumers or small businesses as a group; claims can be litigated on a class-wide basis only when the defendant's conduct has a similar impact on enough people to justify collective action, and when the representative plaintiff has claims typical of the other members of the class.

Consistent with our commitment to investing in cases early, we conduct thorough pre-filing investigations, engage experts to perform preliminary analysis, and work to locate and interview multiple class members to fully understand the relevant policy or practice.

**WOHL & FRUCHTER** LLP

v.2