# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62327-RAR

JUAN A. VARGAS
*individually and on behalf of*
*all others similarly situated,*

      Plaintiffs,

v.

CITRIX SYSTEMS, INC, *et al.*,

      Defendants.

_____/

## ORDER APPOINTING CO-LEAD PLAINTIFFS
## AND APPROVING SELECTION OF COUNSEL

**THIS CAUSE** comes before the Court upon the Motion of George Messiha and Juan A. Vargas for Appointment as Co-Lead Plaintiffs and Approval of Selection of Counsel, [ECF No. 19]. No competing motions requesting the appointment of alternative lead plaintiffs or selection of counsel have been filed, nor have any objections to the Motion been filed. *See* Docket and Notice of Non-Opposition, [ECF No. 26]. Accordingly, the Court having reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

1. The Court hereby appoints George Messiha and Juan A. Vargas (together, "Messiha and Vargas") as Co-Lead Plaintiffs in the above-captioned action. Messiha and Vargas satisfy the requirements for appointment as Co-Lead Plaintiffs pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2. Co-Lead Plaintiffs, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, have selected and retained Pomerantz LLP and Wohl & Fruchter LLP as Co-Lead Counsel, and Miller Shah LLP as Liaison Counsel, for the class in this matter.

3. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

(a) to coordinate the briefing and argument of motions;

(b) to coordinate the conduct of discovery proceedings;

(c) to coordinate the examination of witnesses in depositions;

(d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e) to call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlement negotiations with counsel for Defendants;

(g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h) to supervise any other matters concerning the prosecution, resolution, or settlement of this matter.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

5. Counsel in any related action that is consolidated with this matter shall be bound by the organization of Plaintiffs' counsel as set forth herein.

6. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Co-Lead Counsel shall be the contact between Plaintiffs' counsel and shall direct and coordinate the activities of Plaintiffs' counsel.

8. Defendants shall effect service of papers on Plaintiffs by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall

effect service of papers on Defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic or hand delivery.

9.      During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

**DONE AND ORDERED** in Miami, Florida, this 7th day of March, 2023.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**