**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 9:24-CV-81191-ROSENBERG/REINHART

MICHAEL LEWITTER, Individually and on
Behalf of All Others Similarly Situated,

CLASS ACTION

Plaintiffs,

v.

TERRAN ORBITAL CORPORATION,
MARC H. BELL, MATHIEU RIFFEL, GARY
A. HOBART, and STRATTON SCLAVOS,

Defendants.

**MOVANT AARON ROMIG'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................................1

II.    MR. ROMIG REMAINS THE MOST ADEQUATE PLAINTIFF UNDER THE
       PSLRA ....................................................................................................................................2

III.   THE TERRAN INVESTOR GROUP HAS NOT DEMONSTRATED THAT IT
       IS AN APPROPRIATE MOVANT GROUP UNDER THE PSLRA .................................4

IV.    CONCLUSION......................................................................................................................7

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Carvelli v. Ocwen Fin. Corp.*,
No. 17-cv-80500-RLR, 2017 WL 3473482 (S.D. Fla. Aug. 14, 2017) .................................... 4

*Carvelli v. Ocwen Fin. Corp.*,
No. 17-cv-80500-RLR, 2017 WL 11068524 (S.D. Fla. July 14, 2017) ............................ 1, 4, 6

*D'Hondt v. Digi Int'l, Inc.*, No. Civ,
97-cv-5, 1997 WL 405668 (D. Minn. Apr. 3, 1997) ................................................................ 5

*Dubin v. Miller*,
132 F.R.D. 269 (D. Colo. 1990) ............................................................................................. 2

*Eastwood Enters. v. Farha*,
No. 07-cv-1940, 2008 WL 687351 (M.D. Fla. Mar. 11, 2008) ......................................... 4, 5, 6

*Eichenholtz v. Verifone Holdings, Inc.*,
No. 07-cv-6140, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ............................................. 7

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................................... 2

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................... 5

*In re Doral Fin. Corp. Sec. Litig.*,
414 F. Supp. 2d 398 (S.D.N.Y. 2006) .................................................................................... 1

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ........................................................................................... 6

*In re Razorfish, Inc. Sec. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001) .................................................................................... 1

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015) .................................................................................... 2

*La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
No. 11-cv-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ................................................... 5

*Niederklein v. PCS EdventuresA.com, Inc.*,
No. 10-cv-0479, 2011 WL 759553 (D. Idaho Feb. 24, 2011) ................................................. 2

*Piven v. Sykes Enters., Inc.*,
  137 F. Supp. 2d 1295 (M.D. Fla. 2000)................................................................. 2, 3

*Randall v. Fifth St. Fin. Corp.*,
  No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ..................................... 4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 ................................................................................................. 4

**Rules**

Fed. R. Civ. P. 23(a)(4)................................................................................................. 3

Movant Aaron Romig respectfully submits this Reply Memorandum of Law in further support of his motion for appointment as Lead Plaintiff and approval of selection of counsel.

## I.      INTRODUCTION

On November 26, 2024, Charles Snipe, Edward Pedraza, Mr. Romig, and a "group" of largely unrelated investors, Steven Verzwyvelt, Jesse Ramirez, Michael O'Neill, and Jill O'Neill (collectively, the "Terran Investor Group"), moved this Court for appointment as Lead Plaintiff. Movants Charles Snipe and Edward Pedraza have withdrawn their motions for Lead Plaintiff, leaving only the motions from the Terran Investor Group and Mr. Romig pending. Mr. Romig and the Terran Investor Group each filed an opposition to the other movant's motion for Lead Plaintiff on December 10, 2024.

Mr. Romig's Memorandum of Law in Opposition to Movant the Terran Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel (the "Romig Opposition") (ECF No. 21) demonstrates that the Terran Investor Group is not an appropriate Lead Plaintiff group under the analytical approaches taken by numerous courts in appointing lead plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Congress enacted the PSLRA to address abuses it identified in lawyer-driven litigation, where the plaintiff functioned as a nominal participant while the attorneys made all the decisions. *Carvelli v. Ocwen Fin. Corp.*, No. 17-cv-80500-RLR, 2017 WL 11068524, at *5-6 (S.D. Fla. July 14, 2017) (citation omitted); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 308 (S.D.N.Y. 2001); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006)). The Terran Investor Group runs afoul of this purpose, as it is an artificial amalgamation of unrelated investors, created solely to qualify as Lead Plaintiff. *Carvelli*, 2017 WL 11068524, at *5-6. In contrast, Mr. Romig traded individually on his own behalf and suffered the largest individual loss. Thus, the only remaining

- 1 -

movant who satisfies the plain meaning and the purpose of the PSLRA is Mr. Romig.  Accordingly, Mr. Romig should be appointed Lead Plaintiff.

## II.     MR. ROMIG REMAINS THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA

As an individual who invested a substantial amount of money in Terran Orbital Corporation and suffered the corresponding largest individual loss, Mr. Romig is the appropriate Lead Plaintiff. Due to a scrivener's error, a single part of a lone sentence in Mr. Romig's motion for appointment as Lead Plaintiff mentions an assignment of claims.  *See* Memorandum of Law in Support of the Motion of Aaron Romig for Appointment as Lead Plaintiff and Approval of Selection of Counsel, at 10 (ECF No. 13-1).  However, there has been no assignment of claims, and Mr. Romig's claims are his own.  Mr. Romig sincerely regrets this error.  In light of this clarification, the Terran Investor Group's objections regarding typicality, adequacy, and standing are without merit. Numerous courts have held that such minor errors are insufficient to reject a lead plaintiff movant, as they do not "strike at the heart of Rule 23's adequacy requirement."  *See, e.g.*, *Niederklein v. PCS EdventuresA.com, Inc.*, No. 10-cv-479, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011) (citing *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004)); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) ("The failure to correct obvious or inconsequential clerical errors . . . simply is not the type of adequacy issue that would 'divert the fact finders' attention from the merits and thus infect the claims of the class as a whole.'") (quoting *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990)).

Similarly, the Terran Investor Group's claim that Mr. Romig needed to provide additional information on himself is without merit.  *Piven v. Sykes Enterprises., Inc.*, 137 F. Supp. 2d 1295 (M.D. Fla. 2000), the case on which the Terran Investor Group relies, is inapposite.  *See* Memorandum of Law: (1) in Further Support of Motion of Movant the Terran Investor Group for

Appointment as Lead Plaintiff and Approval of Selection of Counsel; and (2) in Opposition to Competing Motion ("Terran Investor Group Opposition"), at 24-25 (ECF No. 20).  In *Piven*, the movant in question was an institutional investor.  137 F. Supp. 2d at 1305.  The court noted that the institution failed to include information it would need to understand whether it was an appropriate potential representative of the class, including the institution's type of business, whether it was a foreign company, and ownership.  *Id*.  Here, no similar concerns arise, as Mr. Romig is a natural person.

Courts have appointed individuals as lead plaintiffs without requiring extensive background information.  In *Tenneson v. Nikola Corp.*, a movant argued that a competing individual movant failed to demonstrate adequacy, stating that the declaration was submitted with "rote and generalized attestations to his ostensible readiness to serve as Lead Plaintiff, as well as limited biographical information about himself."  No. 23-cv-2131, 2024 WL 905244, at *9 (D. Ariz. Feb. 29, 2024).  However, the court found that the individual movant had "provided sufficient information to make a *prima facie* showing that he meets the adequacy requirement of Fed. R. Civ. P. 23(a)(4)."  *Id*.  In concluding that the individual movant demonstrated adequacy, the court stated, "[t]he cases which Peterson & Cool cite for support of Reyes' alleged insufficient showing of adequacy do not stand for the proposition that Reyes was required to provide more detail, ***nor do they appear applicable to an individual, non-corporate plaintiff***."  *Id*. (emphasis added).

Accordingly, Mr. Romig is a proper Lead Plaintiff movant who satisfies the intent and purpose of the PSLRA.  In contrast, the Terran Investor Group has not meaningfully contested that it is a lawyer-created and -driven group.

### III.  THE TERRAN INVESTOR GROUP HAS NOT DEMONSTRATED THAT IT IS AN APPROPRIATE MOVANT GROUP UNDER THE PSLRA

This Court should reject the Terran Investor Group's inadequate attempt to show that it is a proper group to move for Lead Plaintiff.  Although the PSLRA permits groups to seek appointment as lead plaintiff, courts have declined to apply the most adequate movant presumption to lawyer-driven amalgamations of unrelated individuals "'brought together by their proposed counsel in an effort to maximize their combined losses.'"  *Carvelli v. Ocwen Fin. Corp.*, No. 17-cv-80500-RLR, 2017 WL 3473482, at *2 (S.D. Fla. Aug. 14, 2017) ("*Carvelli II*") (quoting *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759, 2016 WL 462479, at *2 (S.D.N.Y. Feb. 1, 2016)). This court has shown skepticism for such groups where evidence exists "demonstrating the attorney-driven nature of the aggregation." *Id*. at *3.

As shown in the Romig Opposition, the Terran Investor Group's motion for Lead Plaintiff fails to demonstrate that "'unrelated members . . . will be able to function cohesively and to effectively manage the litigation apart from their lawyers.'"  *Carvelli*, 2017 WL 11068524, at *5 n.8 (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008)).  The Terran Investor Group Opposition did not cure that deficiency.[1]

The Terran Investor Group cites *Eastwood Enterprises v. Farha*, No. 07-cv-1940, 2008 WL 687351, at *2, *4 (M.D. Fla. Mar. 11, 2008), for the unremarkable proposition that some courts in the Eleventh Circuit have allowed aggregation of a group's losses.  *See* Terran Investor Group Opposition at 16.  However, the group and its members at issue in *Eastwood* bear no resemblance to the Terran Investor Group.  In *Eastwood*, all five members of the movant group

---

[1] Despite their obvious application here, the Terran Investor Group Opposition fails to cite or distinguish *Carvelli* or *Carvelli II*.

were institutional investors. *Eastwood*, 2008 WL 687351, at *1. The court emphasized that the "'goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class. . . .'" *Id*. at *2 (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001)). In *Eastwood*, the court also noted that the group's joint declaration detailed the members' shared history and indicated that they had overlapping management and representation. *Id*. at *3. The court concluded that the group was not lawyer-driven and reasoned that it would "'more effectively withstand any supposed effort by the class counsel to seize control of the class claims.'" *Id*. (quoting *D'Hondt v. Digi Int'l, Inc.*, No. 97-cv-5, 1997 WL 405668, at *3 (D. Minn. Apr. 3, 1997)).[2] In contrast, here, the Terran Investor Group's members are not sophisticated institutional investors, with half of its members possessing just a few years of experience trading securities. *See* Joint Declaration in Support of Lead Plaintiff Motion, ¶¶ 4-5 (ECF No. 10-6) ("Joint Decl."). Additionally, other than a single conference call, there is nothing in the Joint Decl. detailing the members' history together. *Id*. ¶ 6.

The Joint Decl. also fails to demonstrate the cohesiveness of the group's members. Terran Investor Group Opposition at 16. The group again cites *Eastwood* to support its claim; however, as mentioned above, the court in *Eastwood* highlighted the movant's inclusion of information regarding the members': (i) history together; and (ii) overlapping management and representation.

---

[2] The Terran Investor Group's reliance on *Louisiana Municipal Police Employees' Retirement System v. Green Mountain Coffee Roasters, Inc.*, No. 11-cv-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) is similarly misplaced. Terran Investor Group Opposition at 17. In *Green Mountain*, the movant group in question is described as a team of five institutional investors. *Id*. at *1. The court granted the group's motion for lead plaintiff, emphasizing the group's "significant securities fraud litigation experience." *Id*. at *3. The Terran Investor Group does not consist of institutional investors and does not appear to have any securities fraud litigation experience.

*Eastwood*, 2008 WL 687351, at *3.  The Joint Decl. does not provide any of these facts.  As mentioned in the Romig Opposition, while Michael and Jill O'Neill are together, nothing in the record shows the existence of any other pre-litigation relationships between the members.  *See* Romig Opposition at 6 (ECF No. 21).  Although Michael and Jill O'Neill reside in Virginia, Jesse Ramirez and Steven Verzwyvelt reside in Illinois and Texas, respectively.  *See* Joint Decl. ¶¶ 3-5.  Also, other than a conference call held just five days before the filing of the Lead Plaintiff motions, there is nothing in the record indicating any prior communication between the members.  *Id.* ¶ 6.  The Joint Decl. also fails to demonstrate a need for additional representation by Wohl & Fruchter LLP.  In *Carvelli*, the court stated that the movant group seeking representation by multiple counsel "suggest[ed] that this is not a cohesive group."  2017 WL 11068524, at *6.  Additionally, courts have found that "'[t]he sheer number of attorneys seeking to represent the [proposed lead plaintiff] suggests that counsel, rather than the [lead plaintiff], would control this litigation, in contravention of the PSLRA's intent.'"  *Id*. (quoting *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002)).

Further, there is nothing in the Joint Decl. detailing their relationships with one another or how the group decided to collaborate.  For example, the Joint Decl. fails to specify who determined that adding additional movants was necessary.  Similarly, there is nothing in the Joint Decl. on the process the Terran Investor Group undertook to decide which counsel would represent it as lead counsel for the class and what steps its members took to research its counsel before reaching that conclusion.[3]

---

[3] Mr. Romig is not challenging the qualifications of the Terran Investor Group's counsel.

Courts have found that, under the PSLRA, a group's conclusory statements and assurances regarding its members' ability to work together fail to meet the showing required of a lead plaintiff group.  In *Eichenholtz v. Verifone Holdings, Inc.*, the movant's declaration contained conclusory statements, without providing any details on preexisting relationships or how the members planned to work together throughout the litigation.  No. 07-cv-6140, 2008 WL 3925289, at *9 (N.D. Cal. Aug. 22, 2008).  The court noted the deficiencies in the group's declaration, stating, "the declaration does not state any preexisting relationships nor does it clarify how the group will tackle the massive coordination and strategic issues that are certain to arise in this litigation."  *Id*.  The court concluded that the group failed to show how its members planned to work together and reasoned that the only rationale for the group was to "manufacture the greatest financial interest in order to be appointed lead plaintiff."  *Id*.  This is exactly what the Terran Investor Group's counsel has constructed here: an amalgamation of unrelated members formed solely to improve the group's chances of amassing the largest loss.  Thus, the Terran Investor Group has not demonstrated that it is an appropriate movant group under the PSLRA.

## IV.    CONCLUSION

The Terran Investor Group has demonstrated that it is being led by its counsel, which will result in the kind of lawyer-driven litigation that the PSLRA was intended to prevent and that this Court has specifically rejected.  Thus, the Court should deny the Terran Investor Group's motion and grant Mr. Romig's motion for appointment as Lead Plaintiff, approve his selection of Robbins LLP as Lead Counsel and Saxena White P.A. as Liaison Counsel for Lead Plaintiff and the proposed class, and grant such other relief as the Court may deem just and proper.

Dated:  December 17, 2024                                Respectfully submitted,

                                                                         */s/ Lester R. Hooker*
                                                                         Lester R. Hooker

**SAXENA WHITE P.A.**
Lester R. Hooker (FL Bar No. 32242)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
E-mail: lhooker@saxenawhite.com

-and-

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
E-mail: mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff*
*Aaron Romig and Proposed*
*Liaison Counsel for the Class*

**ROBBINS LLP**
Brian J. Robbins (*pro hac vice* forthcoming)
Gregory E. Del Gaizo (*pro hac vice*
forthcoming)
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: brobbins@robbinsllp.com
        gdelgaizo@robbinsllp.com

*Counsel for Proposed Lead Plaintiff*
*Aaron Romig and Proposed*
*Lead Counsel for the Class*

- 8 -

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed December 17, 2024.

/s/ *Lester R. Hooker*
Lester R. Hooker