**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-81191 ROSENBERG / REINHART**

| | |
|---|---|
| STEVEN VERZWYVELT, JESSE RAMIREZ, MICHAEL O'NEILL, and JILL O'NEILL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TERRAN ORBITAL CORPORATION, MARC H. BELL, MATHIEU RIFFEL, GARY A. HOBART, and STRATTON SCLAVOS, <br><br> Defendants. | CLASS ACTION |

**DEFENDANT MATHIEU RIFFEL'S REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Mathieu Riffel submits this reply memorandum in support of Defendants' Motion to Dismiss,[1] which presents non-duplicative replies to support that the Amended Complaint fails to plead particularized facts showing that Riffel (1) made a false or misleading statement, or (2) acted with a "cogent" and "compelling" inference of scienter. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314, 323 (2007). The Amended Complaint's allegations against Riffel should be dismissed.

## ARGUMENT

### A. Plaintiffs Do Not Allege Riffel Made an Actionable Misstatement

*Riffel's One Statement Was Not False When Made*. Plaintiffs challenge only one statement Riffel made during a May 14, 2024 earnings call about Terran's first quarter 2024 results. AC ¶ 153. Specifically, Riffel was asked whether he expected that Terran would meet a debt covenant that required the Company to have a cash balance of $20 million "at the end of [the next] quarter 2"—to which Riffel responded he did "not have any concerns about that covenant at this time." *Id.*; Ex. 12 at 15. Plaintiffs argue that this statement was false or misleading. *See* ECF No. 72 ("Opposition" or "Opp.") at 14, 16. But they identify no facts explaining how that statement "was false or misleading when made." *See In re Winn-Dixie Stores, Inc. Sec. Litig.*, 531 F. Supp. 2d 1334, 1348 (M.D. Fla. 2007). Nor can they: Riffel's prediction was *true*. At the end of the second quarter 2024, Terran had over $30 million in cash, *more* than the $20 million the debt covenant required. AC ¶¶ 110, 179; Ex. 8 at 1; *see also City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195, at *11 (N.D. Cal. 2019) (no falsity where company met forecast). This statement should be dismissed on this ground alone.

---

[1] Unless otherwise noted, all defined terms carry the same definitions as in Defendants' moving brief ("Motion" or "Mot."), ECF No. 58.

***Riffel's One Statement Is Protected By the PSLRA Safe Harbor***.  Riffel's statement must also be dismissed because it is a forward-looking statement protected by the PSLRA's safe harbor. Mot. at 11.  Plaintiffs argue that the statement is not forward looking, but instead discussed "present facts."  Opp. at 15-16.  But Plaintiffs omit the question to which Riffel was responding:

> ***[Investor Question]***:  Congratulations on the performance for Q1. Can you throw some light on the -- the required cash balance ***at the end of quarter 2***? That is part of the requirements under SEA agreement. . . . Can you throw some light on the required minimum cash balance?
>
> ***Riffel***:  Minimum cash balance. That's not -- so we have financial covenants that require minimum cash balances from our debt arrangements, which is $20 million effectively, as of quarter end.
>
> ***[Investor Question]:  And you think Terran <u>will be</u> okay to meet that requirement?***
>
> ***Riffel***:  We do not have any concerns about that covenant at this time.

Ex. 12 at 15 (emphasis added).  A "full reading" of Riffel's "entire statement" shows he was offering his belief about the Company's ability to comply with a covenant *in the future*.  *City of St. Clair Shores Police & Nationstar Mortg. Holdings Inc.*, 2016 WL 4705718, at *7 (S.D. Fla. June 21, 2016) (dismissing claim where plaintiffs "isolated certain of Defendants' statements and then mischaracterized them"); *see also Hoffman v. Authentec, Inc.*, 2009 WL 3109860, at *15 (M.D. Fla. Sept. 24, 2009) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 804 (11th Cir. 1999)) (statements "must be read in context").  The statement was forward looking.

Plaintiffs next argue that, even if forward looking, the statement does not "merit safe harbor protection" because it was not accompanied by sufficient cautionary language.  Opp. at 16-17. This fails, too.  At the start of the May 14, 2024 earnings call, Terran warned that management would make "forward-looking statements" that were "subject to risks and uncertainties" that "could cause actual events to differ materially," and directed investors to review its SEC filings. Ex. 12 at 5.  As Plaintiffs themselves admit, those SEC filings—including Terran's Form 10-K

2

filed on April 1, 2024—warned that there was uncertainty as to whether the Company could comply with its debt covenants, casting doubt on Terran's "ability to continue as a going concern." AC ¶ 175. And while Terran said it planned to "improve [its] operating results" and was "in active discussions with funding sources," it could not "provide assurances that it will be successful" in doing so. *Id*.; *see also* Ex. 12 at 12 (Riffel explaining that Company couldn't "make guarantees" would satisfy certain debt covenants, and noting "cash flow" depended on uncertain operations); *see also* Mot. at 12-14 (detailing cautionary language). These warnings put investors "on notice of the danger of the investment to make an intelligent decision about it according to her own preferences for risk and reward." *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1327 (11th Cir. 2019).

Finally, and separately, Riffel's statement should be dismissed under the safe harbor because Plaintiffs plead no facts suggesting Riffel made the statement with "actual knowledge" of falsity. *See id*. at 1326; 15 U.S.C. § 78u-5(c)(1). Indeed, although Plaintiffs assert (incorrectly) the "safe harbor offers no protection because Bell, Hobart, and Sclavos ***knew*** the disputed statements were false or misleading," they say *nothing* about Riffel's actual knowledge of falsity. Opp. at 17. No surprise—Riffel's prediction that the Company would have at least $20 million in cash at the end of the next quarter proved *true*.

***Riffel Is Not Liable for Other Defendants' Statements.*** Plaintiffs also argue—inappropriately in a footnote—that Riffel should be liable for the other Individual Defendants' statements, claiming he was "on calls" where *other* Defendants made challenged statements, and he did not "correct" them. Opp. at 19 n.6. To start, Plaintiffs fail to allege the falsity of *any* of the challenged statements. *See generally*, Mot. But in any event, Plaintiffs are just wrong. As the Supreme Court explained in *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135,

3

142 (2011), only the "maker of a statement," *i.e.*, the person "stating it," is liable under Section 10(b) and Rule 10b-5.  That is why post-*Janus* courts that have considered Plaintiffs' "duty to correct" argument have rejected it.  *See, e.g.*, *Fulton Cnty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 675 F.3d 1047, 1051–52 (7th Cir. 2012) ("[T]here is 'no statute or rule' that imposes a 'duty to correct' misstatements made by others, and 'if there were one, *Janus Capital* itself would have come out the other way."); *United States v. Schiff*, 602 F.3d 152, 167 (3d Cir. 2010) (collecting cases, and explaining "the plain language of § 10(b) and corresponding Rule 10b–5 do not contemplate the general failure to rectify misstatements of others"); *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 572 (S.D.N.Y. 2012) ("Holding [one defendant] liable for [another defendant's] alleged false statements based on a failure to correct, or omission, would be in tension with the Supreme Court's recent [*Janus*] decision.").[2]  Indeed, Plaintiffs' argument essentially seeks to hold Riffel liable for "aiding and abetting."  But as the Supreme Court has explained, a "plaintiff may not maintain an aiding and abetting suit under § 10(b)."  *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 177 (1994).

## B.   Plaintiffs Do Not Allege Riffel Acted With a Strong Inference of Scienter

Any claim against Riffel should be dismissed because Plaintiffs do not plead a "'strong'— *i.e.*, a powerful or cogent—inference" of scienter against him.  *Tellabs*, 551 U.S. at 323.  Indeed, Plaintiffs' Opposition, like their Amended Complaint, barely mentions Riffel at all.  Instead, they lump him and the other Defendants together, speculating that because of their Company positions, they must have acted with scienter.  That is improper.  Mot. at 19-20.  And even when Plaintiffs

---

[2] The viability of Plaintiffs' theory was not at issue in Plaintiffs' cited cases.  And in any event, Plaintiffs' reliance on *Rosky ex rel. Wellcare Health Plans, Inc. v. Farha*, 2009 WL 3853592, at *6 (M.D. Fla. Mar. 30, 2009) is misplaced. To start, that decision relied on a *pre-Janus* opinion, *Barrie v. Intervoice–Brit, Inc.*, 409 F.3d 653, 656 (5th Cir. 2005). Moreover, the court in *Rosky* found that the defendants had a specific "duty to" correct statements.  *Rosky*, 2009 WL 3853592, at *6.  Plaintiffs make no such allegations here.

do talk about Riffel, none of their allegations comes close to establishing that Riffel "either knew" his statement was false or "was severely reckless in not" knowing it. *See Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1251 (11th Cir. 2008).

Plaintiffs say, for instance, that Riffel "presented to the Board and Special Committee." Opp. at 23 (citing AC ¶¶ 58-131). But none of the paragraphs they cite in their Amended Complaint alleges Riffel made any such presentations. AC ¶¶ 58-131. Plaintiffs also claim Riffel was "provided significant information" as a "senior-most financial officer." Opp. at 28. But Plaintiffs never identify what information Riffel learned, when he learned it, or how it contradicted the one challenged statement he made. *See Mizzaro*, 544 F.3d at 1250 (no scienter where plaintiff "cites no documentation, communication, or conversation suggesting that the high-ranking defendants knew anything about the alleged fraud"). Nor can they: Riffel's prediction about Terran's cash position (*i.e.*, that it would have more than $20 million at the end of its second quarter 2024) was *true*. *Supra*, Section A. And in any event, as Plaintiffs' own cited authority makes clear, "scienter cannot be inferred merely from a defendant's position." *In re Flowers Foods, Inc. Sec. Litig*, 2018 WL 1558558, at *14 (M.D. Ga. Mar. 23, 2018) (Opp. at 24).

Plaintiffs' cited authority, which alleged specific facts for *each* defendant, only highlights the Amended Complaint's pleading deficiencies. *See, e.g.*, *Sec. & Exch. Comm'n v. GlobeTel Commc'ns Corp.*, 2008 WL 11333153, at *5 (S.D. Fla. Nov. 12, 2008) ("[T]he allegations in the Complaint sufficiently distinguish between Defendants in this case where appropriate, as well as articulate with sufficient particularity the roles played by each in the alleged fraudulent conduct, the scienter attributable to each Defendant, and the individual acts that would constitute securities violations by each Defendant."); *Phillips v. Sci.-Atlanta, Inc.*, 374 F.3d 1015, 1019 (11th Cir. 2004) ("We have reviewed the complaint and we conclude that it contains factual allegations amply

linking each defendant to his alleged violations of the statute and attributing the required scienter to each defendant with respect thereto."). Because Plaintiffs fail to "clearly distinguish how [Riffel] acted purposefully or with severe recklessness," the Amended Complaint's claims against him must be dismissed. *Kosowsky v. Icahn Enters. L.P.*, 748 F. Supp. 3d 1303, 1322 (S.D. Fla. 2024).

## **CONCLUSION**

Defendant Mathieu Riffel respectfully requests that the Court dismiss the Amended Complaint's claims against him with prejudice under the Reform Act and Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Dated: June 16, 2025

Respectfully submitted,

By: */s/ Martin B. Goldberg*

Martin B. Goldberg (Fla. Bar No. 0827029)
Benjamin R. Shiekman (Fla. Bar No. 113114)
mgoldberg@lashgoldberg.com
bshiekman@lashgoldberg.com
LASHGOLDBERG
100 S.E. 2nd Street, Suite 1200
Miami, FL 33131
Telephone: (305) 347-4040

Nicholas J. Siciliano (admitted *pro hac vice*)
Whitney B. Weber (admitted *pro hac vice*)
Renatta A. Gorski (admitted *pro hac vice*)
nicholas.siciliano@lw.com
whitney.weber@lw.com
renatta.gorski@lw.com
LATHAM & WATKINS
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 777-7000

*Counsel for Defendant Mathieu Riffel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 16, 2025, the foregoing was filed with the Clerk of

Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By: */s/  Martin B. Goldberg*
Martin B. Goldberg

7